1 SIMON MANOUCHERIAN (Bar No. 198760)
   SManoucherian@mmhllp.com
2 KHRYS WU (Bar No. 219041)
   KWu@mmhllp.com
3 MESERVE, MUMPER & HUGHES LLP
   300 South Grand Avenue, 24th Floor
4 Los Angeles, California 90071-3185
   Telephone: (213) 620-0300
5 Facsimile: (213) 625-1930

6 Attorneys for Defendant
   UNION SECURITY INSURANCE COMPANY,
7 formerly known as FORTIS BENEFITS
   INSURANCE COMPANY

8

**NOTE CHANGES MADE BY THE COURT**

FILED
MAR 19 2008
CLERK, U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

9                    UNITED STATES DISTRICT COURT

10                   CENTRAL DISTRICT OF CALIFORNIA

11

12 DAVID SCOTT ELLIOT,                ) Case No. EDCV07-0418 SGL (JCRx)
                                       )
13           Plaintiff,                ) [PROPOSED] PROTECTIVE ORDER
                                       ) GOVERNING PRODUCTION OR
14     vs.                             ) OTHER DISCOVERY OF
                                       ) CONFIDENTIAL INFORMATION
15 ELLIOT, LEIBL & SNYDER LLP,        )
   LONG-TERM DISABILITY PLAN;         )  As modified
16 FORTIS BENEFITS INSURANCE          )      JR
   COMPANY; UNION SECURITY            )
17 INSURANCE COMPANY; and             )
   ASSURANT EMPLOYEE BENEFITS,        )
18                                     )
             Defendants.               )
19 _____ )

20

21

22

23

24

25

26

27

28

1     **IT IS HEREBY ORDERED** that,

2     1.    This Confidentiality Order (the "Order") shall govern the designation and handling of documents, records, or information containing or concerning confidential or proprietary non-public, commercial, financial, trade secret and/or private information produced in this lawsuit, *during the discovery phase only of this litigation* whether produced by DAVID SCOTT ELLIOT ("Plaintiff"), UNION SECURITY INSURANCE COMPANY, formally known a FORTIS BENEFITS INSURANCE COMPANY ("USIC"), or by third parties.

2.    With respect to any confidential information or documents within the scope of paragraph 1 above, the parties may designate, at or prior to the time of production of documents or disclosure of other discovery material, all or any portion of such material, documents, or information as "Confidential" information under the terms of this Order.

3.    The parties may designate any material produced as "Confidential" pursuant to this Order. Any party may also designate as "Confidential" any information that the party in good faith believes constitutes Confidential information within the scope of paragraph 1 above. The parties may also designate as "Confidential" any confidential personal information or information subject to a legally protected right of privacy.

4.    The term "Confidential information" as used herein shall mean all information contained or set forth in any document, materials, or testimony that has been designated by any party (including Plaintiff, USIC, or any third party), as confidential pursuant to the terms of this Order.

5.    Unless otherwise ordered by the Court in this action, all Confidential information will be held by the receiving party solely for use in connection with this litigation and will be maintained and disclosed only in accordance with this Order. Experts referred to in paragraph 6(e) who have complied with the requirements of paragraph 7 hereof may review and retain documents and other Confidential

information for purposes of study, analysis, and preparation in connection with the case.

     6.    Except with the prior written consent of the party designating the information as Confidential, or upon prior order of this Court obtained upon notice to counsel for all parties, Confidential information shall not be disclosed by any party to any person other than:

    (a)    counsel for the respective parties to this litigation, including in-house counsel and co-counsel retained for purposes related to this litigation;

    (b)    employees or independent contractors of each such law firm;

    (c)    any party;

    (d)    any partner, director, officer, or manager of a party;

    (e)    experts, consultants, or advisors employed or utilized by counsel to assist in this litigation, or to testify at trial or any other proceeding in this action;

    (f)    the Court and court personnel, including stenographic reporters as necessarily incident to the preparation for trial of this action;

    (g)    noticed or subpoenaed deponents and their counsel;

    (h)    any person identified as having authored or previously reviewed or received the Confidential material at issue; and

    (i)    prospective witnesses or other persons who, in the judgment of counsel for a party, require the Confidential information for the purpose of preparing their testimony, preparing for trial, or advising and assisting counsel in connection with the processing of the litigation.

Confidential documents may be shown to any person listed in subparagraphs (e) and (i) of this paragraph only after such person has been shown a copy of this Order and advised of its terms, and only after such person executes a copy of the

1  form of certification attached to this Order as Exhibit "A" (the "Certification").
2  Subject to the provisions of paragraph 7, below, a party that has produced particular
3  Confidential documents (as opposed to a party that has received the Confidential
4  documents) may, however, disclose such Confidential documents to any person or
5  entity, with or without any conditions to such disclosure, as the party deems
6  appropriate.

7       7.   Counsel for the parties shall maintain complete records of every
8  original signed Certification obtained from any person pursuant to paragraph 6.
9  These Certifications need not be disclosed to the opposing parties absent further
10 order of the Court.

11      8.   Any person receiving Confidential information shall not reveal the
12 information to, or discuss the contents of the information with, any person who is
13 not entitled to receive such information as set forth herein.

14      9.   The parties shall not be obligated to challenge the propriety of a
15 Confidential information designation at the time made, and a failure to do so shall
16 not preclude a subsequent challenge thereto. In the event that a party objects at any
17 stage of these proceedings to the propriety of a designation by a party of any
18 information as Confidential, the parties shall attempt first to dispose of the dispute in
19 good faith on an informal basis. If the dispute cannot be resolved, any party may
20 seek appropriate relief from this Court, and the party challenging the Confidentiality
21 designation shall have the burden of proving that the information designated as
22 Confidential is not subject to the restrictions of this Order.

23      10.  All provisions of this Order restricting the communication or use of
24 Confidential information shall continue to be binding ~~after the conclusion of this~~ *during the discovery phase of*
25 *this litigation* ~~action~~ unless subsequently modified by agreement between the parties or further
26 order of the Court.

27      11.  After the final termination of this action, including all appeals, any and
28 all Confidential information and all copies made thereof shall, at the option of the

  *[handwritten initials in left margin]*

                              3                  PROTECTIVE ORDER GOVERNING
                                                 PRODUCTION OR OTHER DISCOVERY
                                                 OF CONFIDENTIAL INFORMATION
91570.1

parties holding such information, either (a) be returned promptly to the party that produced the material, or (b) be destroyed, and certificate to that effect shall be provided to the party that produced the material. However, any work product (as defined under applicable law), pleadings, claim file materials, deposition transcripts or trial exhibits in this action may be retained by counsel, subject to the terms of this Order.

12. This Order shall govern the handling of material designated as Confidential ~~prior to trial~~ during the discovery phase of this litigation. After the pretrial conference, the parties shall meet and confer regarding the confidentiality of information to be used at trial and documents designated as trial exhibits and, if necessary, agree upon a method for maintaining the confidentiality of such information and documents at trial.

13. Entry of this Order shall be without prejudice to any application for relief from any restriction contained herein or for any order compelling or further restricting the production, exchange, or use of any document, testimony, interrogatory response, or other information produced, given, or exchanged in the course of pretrial discovery in this action.

14. This Order does not operate as an agreement by any party to produce any or all documents and/or information demanded or requested by another party. Nothing herein shall be deemed to waive any applicable privilege or be construed as an acknowledgment of the applicability of any privilege.

15. All persons bound by this Order are hereby notified that if this Order is in any manner violated, the person or entity who commits such violation shall be subject to such sanctions as the Court, on motion and after a hearing, deems just. There shall be no other remedy, penalty or damages imposed on or recoverable from the parties, their attorneys, representatives, or assigns, or any cause of action or penalty arising out of a violation of this Order except as stated herein.

The Court retains jurisdiction to make such amendments, modifications, and additions to this Order as it may from time to time deem appropriate.

Dated: March 19, 2008

The Honorable John C. Rayburn, Jr.
UNITED STATES MAGISTRATE JUDGE

PRESENTED BY:

MESERVE, MUMPER & HUGHES LLP
SIMON MANOUCHERIAN
KHRYS WU


By ____/s/____
Khrys Wu
Attorneys for Defendant
UNION SECURITY INSURANCE COMPANY, formerly known as FORTIS BENEFITS INSURANCE COMPANY